**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GEOSPAN CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-CV-1127 SRW |
| | ) | |
| FRANKLIN COUNTY, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Franklin County's Motion to Dismiss Count II of Plaintiff's Complaint (ECF No. 14). The motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c). For the following reasons, Defendant's Motion will be denied.

## I.     BACKGROUND

On October 26, 2022, Plaintiff GeoSpan Corporation filed a complaint in this Court against Defendant Franklin County, Missouri. Plaintiff's Complaint alleges three counts against Defendant: breach of contract for failing to provide data and compensation to Plaintiff (Count I), breach of warranty *ex contractu* for representing authority to enter into the agreement (Count II), and an accounting to determine the precise sum of damages (Count III). *Id.* On January 9, 2023, Defendant filed a motion to dismiss Count II of Plaintiff's Complaint for failure to state a claim. For purposes of this order, the Court accepts the following facts as alleged in Plaintiff's Complaint as true:

1

Plaintiff GeoSpan is a Minnesota corporation that uses technology to provide photographic images of aerial views of real property. The technology allows for, among other functions, access to a computerized database that contains and organizes the photographic images. Plaintiff and Defendant entered the GeoAssist Data Acquisition and License Agreement ("the Agreement") on April 12, 2016, whereby Plaintiff would provide Defendant access to its database so that Defendant could identify building developments from the aerial images and expand its tax roll. Under the original terms of the Agreement, Defendant would pay Plaintiff 50% of the increased tax roll for three years. The Agreement also contained an integration or "merger" clause which states there are "no terms, conditions, warranties, or representations other than those contained in this Agreement." ECF No. 1-1, at 8. In 2018, Plaintiff and Defendant executed Amendment No. 1 to the Agreement ("the Amendment"), which extended the payment schedule from three years to six years.

County Attorney Mark Vincent represented Defendant regarding the negotiations and public hearings related to the Agreement and the Amendment. Both the Agreement and the Amendment were approved by the Franklin County Board of Commissioners and signed by the Presiding Commissioner. Mr. Vincent represented to Plaintiff that the County had the authority to enter into the Agreement and the Amendment as written, as well as the payment formulas.

Plaintiff gave Defendant access to its database under the terms of the Agreement. Defendant's first payment was due in February of 2019 under the Amendment. Defendant was also required to provide Plaintiff with a parcel-by-parcel summary of the assessed valuation of its tax roll within 30 days of modifications. Defendant has not paid Plaintiff any amount of money, nor provided Plaintiff with information or summaries about the increased assessed valuation of the tax roll.

## II.     STANDARD

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A plaintiff need not provide specific facts in support of its allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but must include sufficient factual information to provide the "grounds" on which the claim rests, and "to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555 & n.3. *See also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (quotation omitted). On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56; Fed. R. Civ. P. 8(a)(2).

## III.     DISCUSSION

Defendant asks the Court to dismiss Count II of the Complaint, breach of warranty *ex contractu*, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defendant's argument is that the Agreement's integration clause precludes Plaintiff's claim because Plaintiff cannot rely on Mr. Vincent's pre-contract representations that Defendant had the authority to execute the contracts at issue. Defendant alleges the representations took place

3

prior to the Agreement and are absent from both contracts. Since the Agreement and Amendment are fully integrated, Defendant argues that Plaintiff cannot state a claim based on Mr. Vincent's pre-contract representations to form the basis of a breach of warranty *ex contractu* claim.

### A.  Breach of Warranty *Ex Contractu* under Missouri Law

The Court will apply Missouri law as the substantive law to this proceeding because this is a federal court sitting in diversity. *Chew v. Am. Greetings Corp.*, 754 F.3d 632, 635 (8th Cir. 2014). Under Missouri law,

> [S]ix elements are discerned as necessary to constitute a cause of action ex contractu in the nature of a breach of warranty by a contractor against a governmental entity premised on a positive representation of a material fact:
>
> > (1) A positive representation by a governmental entity,
> > (2) Of a material fact,
> > (3) Which is false or incorrect,
> > (4) Lack of knowledge by a contractor that the positive representation of the material fact is false or incorrect,
> > (5) Reliance by a contractor on the positive representation of a material fact made by the governmental entity, and
> > (6) Damages sustained by a contractor as a direct result of the positive representation of a material fact made by the governmental entity.

*Ideker, Inc. v. Missouri State Highway Comm'n*, 654 S.W.2d 617, 621 (Mo. Ct. App. 1983). "A 'positive' or 'affirmative' representation distinguishes an actionable representation from one which is merely implied or suggestive." *Id.* at 624, n.3. The Court considers positive representations under a breach of warranty *ex contractu* claim to consist of "those that are made and relied on by a contractor in calculating its bid." *Leo Journagan Constr. Co. v. City Utils.*, 116 S.W.3d 711, 723 (Mo. Ct. App. 2003) (citing *Ideker*, 654 S.W.2d at 621).

Concepts of fairness underlay the breach of warranty *ex contractu* cause of action against a governmental entity. *See Ideker*, 654 S.W.2d at 621 ("To avoid an unjust result, [courts] refused to be circumscribed by the harshness of the doctrine of sovereign immunity[.]").

Otherwise, when a governmental entity's positive representation comes to be "false or incorrect after work is commenced and occasions additional expense, the contractor finds himself in the position of one who undertakes one contract but is confronted with performance of another." *Id.*

### B. Application of the Merger Doctrine

Defendant argues that Plaintiff's claim fails as a matter of law because the Agreement is fully integrated due to its integration or merger clause. The merger clause signals that the Agreement is considered complete and contains all prior terms, representations, conditions, and warranties. Defendant quotes the Agreement's integration clause language to argue that Mr. Vincent's representations of Defendant's capacity to enter into the contract cannot form the basis of a breach of warranty *ex contractu* claim, as they were extrinsic representations not explicitly included in the Agreement itself.

Plaintiff responds that Mr. Vincent's representations are positive representations of material facts, and integration or merger clauses only exclude implied or suggestive representations, not positive representations of material facts. Plaintiff argues that *St. Louis Air Cargo Servs., Inc. v. City of St. Louis*, 929 S.W.2d 821 (Mo. Ct. App. 1996) controls this issue. *St. Louis Air Cargo* found "such contract provisions in the nature of 'boiler plate' provisions cannot nullify a positive representation of a material fact, but such a disclaimer may negate implied or suggestive representations." *Id.* at 828 (citing *Ideker,* 654 S.W.2d at 623). Defendant replies that the integration clause language at issue here is not as inclusive as the language used in *St. Louis Air Cargo*, and that Mr. Vincent's representations are not positive representations of a material fact, but statements of Defendant's legal capacity to enter into the Agreement and Amendment.

In *St. Louis Air Cargo* the court held that the City's representations regarding the consolidation of air cargo activities into the new facility provided a basis for St. Louis Air Cargo's claim because the merger clause language cannot nullify the City's positive representations of a material fact. *Id.* In addition, one of the exhibits to the lease made positive representations of a material fact regarding the storage space which would be allotted to each carrier at the new facility. *Id.* In the present case, the County Attorney positively represented that Defendant had the authority to enter into the Agreement and the Amendment as written, as well as the payment formulas. Based on these representations, Defendant entered into the Agreement and the Amendment which contained the agreed payment formulas and performed under the Agreement; however, the Defendant failed to pay for its services.

When a contract contains a merger or integration clause, Missouri "law conclusively presumes all prior and contemporaneous agreements have been merged into a written contract[.]" *Jennings v. SSM Health Care St. Louis*, 355 S.W.3d 526, 532 (Mo. Ct. App. 2011) (quoting *RLI Ins. Co. v. S. Union Co.*, 341 S.W.3d 821, 830 (Mo. Ct. App. 2011)). "The existence of a merger clause may be a strong indication that the writing is intended to be complete, but its existence is not necessarily determinative." *Byers v. J.B.C. Invs.*, 834 S.W.2d 806, 813 (Mo. Ct. App. 1992) (internal citation omitted). The merger doctrine under Missouri law is "intended to prevent extrinsic evidence of other agreements from influencing the interpretation of a final written contract, preserving the sanctity of written contracts." *Rosenfeld v. Boniske*, 445 S.W.3d 81, 88 (Mo. Ct. App. 2014).

With respect to Defendant's argument that the integration clause at issue here is not as inclusive as the language used in *St. Louis Air Cargo,* the Court does not find that the slightly different language of the integration or merger clauses requires that the two clauses be evaluated

6

differently under the merger doctrine. The clause in *St. Louis Air Cargo* has the same purpose

and meaning as the clause at issue in this case, even though the wording is not exactly the same.

Both clauses align precisely with the effect of the merger doctrine under Missouri law. *See*

*Jennings*, 355 S.W.3d at 532 ("an integration clause further confirms the all-inclusive nature of

the document"); *Johnson ex rel. Johnson v. JF Enters., L.L.C.*, 400 S.W.3d 763, 766 (Mo. 2013)

(en banc) ("The existence of a merger clause is a strong indication on the face of a contract that

the writing is intended to be complete."). Therefore, the precise wording of the merger clause in

*St. Louis Air Cargo* does not make the merger doctrine any less encompassing than the precise

wording of the integration clause in the Agreement. Defendant's representations of its capacity to

enter into the Agreement are positive representations that the integration clause cannot negate.

The Court accepts as true Plaintiff's factual allegation that Mr. Vincent represented to Plaintiff

that Defendant had the authority to enter into the Agreement as written.

Defendant also attempts to differentiate *St. Louis Air Cargo* by arguing that one of the

exhibits of the agreement in that case illustrated the storage space allotted to each carrier at the

new facility as being similar to the City's positive representation of material fact that the City

would consolidate all air cargo activities into the new facility. However, in this case no such

express language exists as to Defendant's authority to enter into the Agreement. Defendant may

be correct that no specific language represents its ability to enter this contract; however, the

entire Agreement, its negotiation process, and its signatures serve to represent Defendant's

ability to contract and agree to the payment formulas.

Therefore, the representations by the County Attorney were positive representations of

material fact, and Plaintiff relied on the Defendant's representations of capacity when entering

the contract in the first place. Moreover, Missouri law precludes using a merger clause to negate

the main obligations of a contract. *See Johnson ex rel. Johnson*, 400 S.W.3d at 767 ("It is not reasonable to interpret the merger clause to negate the existence of the purchase itself, any warranties or disclosures given or made, and the other matters set out in these documents."). The holding in *St. Louis Air Cargo* applies in this case, and the language of the Agreement's integration or merger clause cannot negate the Defendant's positive representations of fact as to its ability to enter the Agreement as written.

### C.  Application of the Parol Evidence Rule

Even if the Court found that *St. Louis Air Cargo* does not apply to the representations or merger language at issue here, Plaintiff still states a claim plausible on its face because the parol evidence rule does not apply to pre-contract agreements that are consistent with the final written Agreement. The parol evidence rule "prohibits evidence of prior or contemporaneous oral agreements that vary or contradict the terms of an unambiguous, final, and complete writing," *Poelker v. Jamison*, 4 S.W.3d 611, 613 (Mo. Ct. App. 1999), and only applies in the absence of fraud, accident, mistake, or duress. *Id.* The rule "requires that the court determine the intent of the parties *solely* from the 'four corners' of the contract itself." *Mid Rivers Mall, L.L.C. v. McManmon*, 37 S.W.3d 253, 255 (Mo. Ct. App. 2000). The rule "is particularly applicable where the writing contains a merger or integration clause." *Rosenfeld v. Boniske*, 445 S.W.3d 81, 88 (Mo. Ct. App. 2014).

Defendant's attempt to apply the parol evidence rule is unpersuasive because Mr. Vincent's representations do not vary or contradict the Agreement's terms, which is a required element for the parol evidence rule's application. Rather, Defendant's representations of the capacity to enter the contract as written is consistent with the Agreement and even reinforces it. The very existence of the Agreement, its specific terms in writing, and its signatures support

8

Defendant's representations that it had the capacity to contract. The capacity to contract neither varies nor contradicts any terms in the written Agreement.

Defendant cites to *Rosenfeld* and *Lion Petroleum, Inc. v. Millennium Super Stop, L.L.C.* to support its argument. In *Rosenfeld*, 445 S.W.3d at 84, the parties executed a contract with a merger clause which read, "This is the entire contract and neither party shall be bound by representation as to value or otherwise unless set forth in [the] contract." Applying the parol evidence rule and the merger doctrine, the Missouri Court of Appeals held that the trial court erred in considering the parties' pre-contract oral agreement of confidentiality that was not included in the written agreement. *Id.* at 88. Likewise, in *Lion Petroleum, Inc. v. Millennium Super Stop, L.L.C.*, No. 4:06CV0698 AGF, 2008 WL 3010789, (E.D. Mo. Aug. 1, 2008), this Court, applying Missouri law, found that the plaintiff's pre-contract promise of a 2% credit, absent from the written agreement, could not be relied upon by the defendant under a claim of fraudulent misrepresentation.

These cases are unavailing because the facts fundamentally differ from the relevant facts here. The courts in *Rosenfeld* and *Lion Petroleum* barred extrinsic evidence as to the addition of particular terms to the agreements—confidentiality and a 2% credit, respectively. These terms were not contained in the final written agreements and would have modified the parameters of the written terms while keeping the main obligations intact. Here, in contrast, Defendant wants to nullify its duties in the Agreement completely by barring evidence of its representations of the ability to enter the contract in the first place. The representations do not modify specific terms of the Agreement; rather, they serve to reinforce the Agreement's validity.

In effect, Defendant attempts to use the parol evidence rule to avoid its duties under the contract, which violates the rule's purpose. The doctrine exists to preserve the sanctity of written

contracts. *Poelker v. Jamison*, 4 S.W.3d 611, 613 (Mo. Ct. App. 1999). Likewise, the merger doctrine's purpose is to fortify the complete and final expression of parties' contracts by preserving the sanctity of written contracts. *See, e.g.*, *Johnson ex rel. Johnson*, 400 S.W.3d at 768. By arguing that it should not have to comply with the contract due to the absence of an express statement of its capacity, Defendant attempts to nullify the written contract entirely and escape its duties, which directly damages the contract's sanctity and contradicts the Agreement. This would violate the fundamental purpose of the parol evidence rule and merger doctrine, as well as the principles of fairness on which the breach of warranty claim rests.

The Court also notes the Defendant's reply brief mentions the statements of Mr. Vincent were legal conclusions, rather than statements of material fact. As this issue was not originally alleged or fully briefed, the Court will not consider that issue at this time. *Barham v. Reliance Standard Life Ins. Co.*, 441 F.3d 581, 584 (8th Cir. 2006).

For the above reasons, the merger doctrine and parol evidence rule do not preclude Plaintiff from stating a claim to form the basis of a breach of warranty *ex contractu* claim, and Defendants' motion to dismiss Count II shall be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Franklin County's Motion to Dismiss Count II of Plaintiff's Complaint (ECF No. 14) is **DENIED**.


So Ordered this 12th day of June, 2023.

                              **STEPHEN R. WELBY**
                              **UNITED STATES MAGISTRATE JUDGE**